**CASHELL v. ESLIN et al.**

No. 23613.

District Court of the United States for the District of Columbia.

June 23, 1944.

John W. Slater, Jr., of Washington, D. C., for plaintiff.

Hyman M. Goldstein, of Washington, D. C., for defendants.

MORRIS, Associate Justice.

This is a proceeding to compel an accounting, and for a judgment in the amount found to be due to the plaintiff as one of the two residuary legatees under the last will and testament of Katherine R. Eslin, deceased. The defendant, Melville P. Eslin, is the executor and other residuary legatee named in said will, and was granted letters testamentary on September 29, 1942, upon the filing of a special undertaking pursuant to Section 20—303, D.C.Code 1940. The plaintiff and defendant Eslin are nephews-in-law of the decedent. The answer of the defendants shows that the decedent was survived by certain next of kin and heirs at law in the following relations: One half brother, two nieces, one grand niece, three grand nephews, and a nephew, whose address is unknown, and with respect to whom it is stated that inquiry developed he had not been heard

748

from for many years, and was thought to be dead. Prior to the probate of the will, publication was had against all of the heirs at law and next of kin of the decedent, and a copy of the notice of publication of the petition for probate was mailed by registered mail to all of them, except the nephew for whom no address was known. A return receipt was received, showing the delivery of the registered letters to said persons. As to each of the relatives above named, the United States Marshal made return that they were not to be found in this jurisdiction. It further appears from the answer that the residuary legacies here involved are of personal property.

The executor, in his answer, insists that, by reason of Section 19—309 of the D.C. Code 1940,[1] he should not be required to make distribution of legacies under the will until two years have elapsed since the will was admitted to probate, as the service of process against the heirs at law and next of kin was had by publication and a return of "not to be found" was made by the United States Marshal as to them. The executor takes the position that he cannot legally make distribution under said will, "because said heirs at law and next of kin will not have had an opportunity to file a caveat against said will" as provided by the section of the Code set forth in the margin.

Upon the filing of the answer, the plaintiff moved this Court for summary judgment in his favor. A hearing was had, after which, by leave of Court, the defendants filed an amended answer which differs from the original answer in the respect that it sets forth a communication from the executor to the plaintiff, requesting him to agree to the giving of a special undertaking in lieu of the general bond which would, in the absence of consent, be required. Such communication pointed out that heirs at law had the right to file a caveat and seek revocation of the probate of a. will

within three months after its probate, that in a recent case it had been held that non-resident heirs may attack a will covering personal property after three months, that this question had not been fully settled, and that "it may affect the date of distribution in this case." The communication further stated that "division of the estate could not safely be made by the executor until the expiration of three months from the date the will is admitted to probate." The section of the Code set forth in the margin was quoted "so that there may be no misunderstanding concerning the same." The amended answer further sets forth the consent and waiver of the plaintiff respecting the special undertaking. The amended answer also sets forth the provisions of the special undertaking given by the executor. The amended answer further alleges that the plaintiff is without independent resources to indemnify the executor, if required to answer in damages to the heirs at law, in the event distribution should be made and the will subsequently set aside.

It was agreed by the parties that the motion for summary judgment should apply to the amended answer without further hearing.

The contention is made that the section of the Code here involved does not authorize a caveat to a will which has been probated, in so far as it is a will of personal property, by any one after the expiration of three months from the date of the probate of such will and, therefore, the will here involved is not subject to such action. It is not necessary to a decision in this case that the section of the Code be so construed. Assuming, but explicitly not deciding, that, under the provisions of the section, any person interested, as to whom process was returned "not to be found," and who was proceeded against by publication, may yet file a caveat to the will here involved, the defendant executor may not on that account refuse an accounting and.

[1] "If, upon the hearing of the application to admit a will to probate, the court shall decree that the same be admitted to probate, any person in interest may file a caveat to said will and pray that the probate thereof may be revoked at any time within three months after such decree, if it be a will of personal property, and as far as it is a will of personal property; and if it be a will of real estate, and as far as it is such will of real estate, any person interested actually served with process or personally appearing in such proceedings may file such caveat within one year after such decree; any person interested who at said time was returned 'Not to be found' and was proceeded against by publication may file such caveat within two years after such decree; and any person interested who at the time of said decree is within the age of twenty-one years may file such caveat within one year after he becomes of age. (Mar. 3, 1901, 31 Stat. 1212, ch. 854, § 137.)"

payment of the legacy to which the plaintiff is entitled. It is clearly settled that, after the probate of a will and until its revocation, an executor is authorized and required to act in accordance with its terms, and, in the absence of wrongdoing on his part, is fully protected in so doing. In this jurisdiction we have statutory expression of this principle.[2] Certainly the defendant executor cannot be heard to say that he has knowledge of the invalidity of the will, the probate of which he sought, and the provisions of which he has undertaken to execute. If a person entitled under the law to file a caveat and seek revocation of a will which has been probated could hold the executor liable for distribution, which had in good faith been made pursuant to the will, and the executor was entitled to withhold such distribution to protect himself from such action, the clear result would be that in numerous instances, an executor would be as much justified as in the case at bar in withholding distribution for a period of more than twenty-one years against the eventuality that an infant heir could hold him accountable.

The defendant executor relies most strongly upon the proposition that he has given a special undertaking as executor, and that that has so changed his obligation that he is not required to make the distribution here sought, even though he would have been so required, had he given a general bond. With this contention, I cannot agree. It is true that the giving of a special undertaking creates a personal obligation to creditors and legatees not present where a general bond is given. The defendant executor's obligation to the plaintiff is no less than it would be had he given a general bond. In the situation here presented, it became the duty of the defendant executor to account to the plaintiff and make distribution of his share of the residue of the estate within a reasonable time after such residue could be determined. The contingency that in the future there might be an attack upon the validity of the will can in no way affect the determination of the residue of the estate under the will.

The correspondence exchanged between the defendant executor and the plaintiff, wherein the plaintiff consented to the giving of a special undertaking, does not constitute an extension of time within which the executor should make distribution.

The motion for summary judgment in favor of the plaintiff will be granted.

---

[2] "And if any will be hereafter adjudged invalid in any action begun after distribution of the estate, or any part thereof, lawfully made by the executor or executrix, in good faith and without knowledge on his or her part of the invalidity of such will, and without notice that such action was intended, the distributee or distributees of the property, and their personal representatives, and not such executor or executrix, shall be answerable for the property, or its value, to the person or persons thereto entitled." D.C.Code 1940, § 20—106.